AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### Middle District of Florida

| | |
|---|---|
| United States of America<br>v.<br>JONATHAN JAMES ELDER<br><br><br><br><br><br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>Case No. 8:26-MJ-1599-AEP |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ March 18, 2026 _____ in the county of _____ Hillsborough _____ in the

_____ Middle _____ District of _____ Florida _____ , the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. § 844(e) | Making a threat by means of fire or an explosive |

This criminal complaint is based on these facts:

See attached Affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

SA Rodney Gauthier, FBI
_____
*Printed name and title*

Sworn to before me over the telephone or other reliable electronic means and signed by the
pursuant to Fed. R. Crim. P. 4.1 and 4(d).

Date: _____ 3/20/26 _____

_____
*Judge's signature*

City and state: _____ Tampa, FL _____

ANTHONY E. PORCELLI, U.S. Magistrate Judge
_____
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A COMPLAINT

I, Rodney Gauthier, being first duly sworn, hereby depose and state the following:

1.    I submit this affidavit in support of a criminal complaint charging **JONATHAN JAMES ELDER ("ELDER")** with making a threat by means of fire or an explosive in violation of 18 U.S.C. § 844(e). The statements contained in this affidavit are based on my personal knowledge and experience, as well as information learned from other law enforcement officers. Because of the limited purpose of this affidavit, I have not included every fact known to me. Rather, I have included only those facts necessary to establish probable cause supporting the requested complaint.

2.    I am a Special Agent with the FBI and have been since June 15, 2014. I am currently assigned to the Pinellas Resident Agency within the Tampa Bay Field Office of the FBI, which conducts investigations into violent crime, gangs, and drug trafficking in conjunction with state law enforcement agencies. Previously, I was assigned to the Oklahoma City Field Office of the FBI, where I conducted investigations into violent crime in Indian County in conjunction with the FBI's Safe Trails Task Force, a multi-agency Federal and Tribal task force. Prior to working in Indian Country, I was assigned to the San Franciso Field Office where I worked on a surveillance squad, a Safe Streets Task Force that focused primarily on investigations into gangs and violent crimes, and a Transnational Organized Crime—Western Hemisphere squad that focused primarily on investigating drug violations and

narcotics trafficking. I have received training regarding the application for search warrants, written affidavits and participated in the execution of multiple search and arrest warrants.

3.     I am a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request an application for a search warrant.

## PROBABLE CAUSE

4.     On or about March 16, 2026, law enforcement located a suspicious package outside the Visitor Control Center of MacDill AFB. In response to that discovery, several federal and state law enforcement agencies responded to the scene to ensure public safety. This response led to the closure of the public roadways near the incident, denied access to public businesses, and shut down the main entrance to MacDill AFB for approximately seven hours. Law enforcement ultimately discovered that the suspicious package contained possible energetic materials inside. Energetic materials are often consistent with explosive devices. This event (and the discovery of the suspicious device) received widespread coverage in Tampa Bay area news.

5.     On or about March 18, 2026 (or about two days after the above incident), at approximately 9:11am, someone using the phone number 727-647-2770 (the **"Phone Number"**) called the main number on MacDill AFB at 813-828-1110 and was routed to extension 2273, which was the extension that belonged to the 6th

2

Medical Group at MacDill AFB.[1] Individual 1, an employee with the 6th Medical Group, answered the phone and asked the caller how Individual 1 could help. This call was not recorded, but Individual 1 gave a description of the call to law enforcement soon after perceiving the event. Individual 1 could hear static noise from the caller and relayed the call was very loud, as if the caller was in a vehicle.

6.      While on the phone, the caller stated, "How did you like the surprise at the MacDill Visitor Center?," and then yelled "tick tick boom, it's gonna be between your eyes." Following the statement, the caller hung up. No additional information was provided by the caller, and Individual 1 did not recall hearing any other voices in the background. Individual 1 described the caller as an adult male with a deeper mature sounding voice.  Following the call, Individual 1 immediately reported it to his/her supervisor.

7.      After Individual 1 reported the call, all MacDill AFB gates closed. For approximately four hours, on-base personnel were instructed to shelter in place.

8.      Based on my knowledge of this investigation, I believe that the call described above referenced the March 16, 2026, discovery of an explosive device at MacDill AFB, and based on my knowledge, training and experience, I believe the caller's second statement—"tick tick boom"—referred to a threat to detonate an explosive. By saying "it's gonna be between your eyes," the caller insinuated that future harm (from the explosive) would harm the intended target.

---

[1] The Sixth Medical Group at MacDill AFB provides daily comprehensive health care to United States Department of Defense personnel.

9.    On March 18, 2026, at approximately 11:23am, law enforcement contacted Individual 2 about a threatening phone call from the **Phone Number**. This call came through at approximately 8:50am (or just before the call to MacDill AFB). On that recorded call, the caller stated:

> Did you enjoy your pipe bombs at the front gate of MacDill...oh...is there anything else I can do for you...(unintelligible)...that's why I said that you entitled little fucking brat, now I told you if you try to fuck with my meds again, I told you this last year, if you try to fuck with my meds I will fucking torture you, well you tried it again, so here you, you don't learn, I will beat you in the face 10,000 times harder, you will get a pipe bomb that actually explodes in your fucking face next time, fuck you pigs.

10.    Individual 2 did not recognize the number and believed the caller had dialed Individual 2's number in error.

11.    On or about March 18, 2026, FBI Agents received call-detail records with cell-site data from T-Mobile for the **Phone Number**. T-Mobile was the **Phone Number**'s cellular service provider. Agents reviewed these records after receiving them pursuant to a voluntary emergency disclosure request.

12.    These records show the user of the **Phone Number** called phone number 813-828-1110 on March 18, 2026, at approximately 9:11am. This phone number is the main information line for MacDill AFB. This call was placed at the approximate time that the threatening phone call was received by MacDill AFB.

13.    Agents also received historical cell site data with timing advance, or distance from tower data, covering an approximate four-day span (from March 15, 2026, to March 18, 2026). This data was consistent with the device associated with

4

the **Phone Number** being located at or in the immediate vicinity of the same address in St. Petersburg, Florida throughout the entirety of the records. Further investigation revealed that this address is associated with an assisted-living facility with private and semi-private rooms (the "Facility").

14.     Pursuant to a voluntary emergency disclosure request, agents also received records from Meta for any account related to the **Phone Number**. Records received indicated that the **Phone Number** was associated with a Facebook Account that used the moniker **Jon Elder**, and used a specific Charter IP address to access Meta services on or about March 14, 2026. Charter, in turn, informed the FBI that the subscriber address for this specific IP address is the same address as the Facility— and the same address where the **Phone Number** was frequently located.

15.     Through the Facebook account information and moniker, as well as the identified address for the **Phone Number**, officers identified "Jon Elder" to be **JONATHAN JAMES ELDER**. Further investigation revealed that **ELDER** was identified as a person of concern during a Threat Assessment in 2025 and was a respondent of a Risk Protection Order (RPO), which recently expired. He also has an extensive Baker Act history that dates back to 2014. Conduct that led to these commitments include threats to shoot others and build pipe bombs.

16.     A search of FBI records showed that **ELDER** called the FBI's National Threat Operations Center (NTOC) on March 4, 2026, asking for a job. At the time of

the call, **ELDER** provided the **Phone Number** as his contact number, and his address as the Facility's address.

17. On the evening of March 18, 2026, investigators responded to the Facility and attempted to contact **ELDER** at his room after staff at the Facility directed investigators there. **ELDER** initially shut his door and said that he did not speak to law enforcement. After several minutes of communication through the closed door, officers persuaded **ELDER** to exit his room, at which point he was taken into custody.

18. Officers read **ELDER** his *Miranda* rights, which **ELDER** agreed to waive. This interview was recorded. Officers played the phone call placed to Individual 2 for **ELDER**. **ELDER** then admitted to being the voice on the voicemail left on Individual 2's phone but denied calling Individual 2 or having any knowledge of Individual 2 or his/her phone number.

19. **ELDER** also admitted that he called MacDill AFB and asked whether they "enjoyed the pipe bomb at the front gate at MacDill," and stated, "head on, apply directly to the forehead." He claimed this statement was meaningless, describing it as "advertising" and "garbage."

20. **ELDER** stated he had no grievances with MacDill AFB, adding only that he believes the CIA is a terrorist organization. He further stated that he had discontinued some of his medications due to adverse side effects. **ELDER** denied ever making or researching weapons and stated it is not something he would ever do.

6

21.   **ELDER** consented to a search of his cell phone. **ELDER** showed law enforcement the record of the call that he placed to MacDill AFB at 9:11am. **ELDER** also permitted officers to review his recent internet search history. This search history revealed that **ELDER** had read news articles related to the bomb discovered at MacDill AFB on March 16, 2026, and had searched for MacDill AFB's phone number.

22.   Pinellas County mental health assessment staff assisted in evaluating **ELDER** for a Baker Act commitment and determined he met the criteria for involuntary examination. **ELDER** was then transported to a mental health provider.

## CONCLUSION

23.    Based on the foregoing information, I submit that probable cause exists to believe that **ELDER** violated 18 U.S.C. § 844(e) by, through the use of a telephone, willfully making a threat or maliciously conveying false information, while knowing the same to be false, concerning an attempt or alleged attempt being made, or to be made, to kill, injure, or intimidate any individual by means of fire or an explosive.

Rodney Gauthier
Special Agent
Federal Bureau of Investigation

Affidavit submitted to me by reliable electronic means and attested to me as true and accurate by telephone or other reliable electronic means consistent with Fed. R. Crim. P. 4.1 and 4(d) before me this _____ day of March, 2026.

HON. ANTHONY E. PORCELLI
United States Magistrate Judge

8