UNITED STATES DISTRICT COURT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v. Case No.: 8:26-cr-133-VMC-CPT

JONATHAN JAMES ELDER
______________________________/

**ORDER FOR PSYCHOLOGICAL EVALUATION**

The Defendant has filed a notice of his intent to assert an insanity defense and to introduce expert evidence relating to a mental disease, defect, or other mental condition bearing on the issue of his guilt, including whether he possessed the mental state required for the charged crime. (Doc. 46). Based on the Defendant's notice, the government now moves pursuant to Federal Rule of Criminal Procedure 12.2(c)(1)(B) for a psychological evaluation of the Defendant regarding the above matters. (Doc. 48). After careful review, the Court finds that the government's motion has merit.

The Federal Rules require a defendant to provide written notice if he intends to assert an insanity defense. *See* Fed. R. Crim. P. 12(a). If a defendant submits such a notice, "the court must, upon the government's motion, order the defendant to be examined under 18 U.S.C. § 4242." Fed. R. Crim. P. 12(c)(2). Section 4242, in turn, mandates that upon the government's motion, a court direct that a "psychological examination of the defendant be conducted and that a . . . psychological report be filed . . . pursuant to the provisions of section 4247(b) and (c)." 18 U.S.C. § 4242(a).

The examination contemplated by section 4247 must be performed "by a licensed or certified psychiatrist or psychologist, or, if the court finds it appropriate, by more than one such examiner." 18 U.S.C. § 4247(b).

The examiner(s) must issue a report to the court, the defendant, and the parties' counsel that describes:

> (1) the person's history and present symptoms;
> (2) a description of the psychiatric, psychological, and medical tests that were employed and their results;
> (3) the examiner's findings; and
> (4) the examiner's opinions as to diagnosis, prognosis, and . . .[,] if the examination is ordered under section 4242, whether the person was insane at the time of the offense charged[.]

18 U.S.C. § 4247(c).

In this case, as noted above, the Defendant has filed a written notice that he intends to assert an insanity defense and to introduce expert evidence relating to a mental disease, defect, or other mental condition bearing on the issue of his guilt. (Doc. 46). In response, as also referenced above, the government has moved for a psychological evaluation of the Defendant to address these issues. (Doc. 48). The Court "must" therefore order that the requested psychological assessment be performed. *See* Fed. R. Crim. P. 12(a); 18 U.S.C. § 4242(a).

The Court held a hearing on the government's motion, at which defense counsel confirmed that the Defendant neither contested the government's motion nor sought an additional examination. The Defendant and the government also agreed at the hearing to the examination conditions set forth below.

Accordingly, pursuant to Federal Rule of Criminal Procedure 12 and 18 U.S.C. §§ 4242 and 4247, the Court hereby appoints Dr. Debra Goldsmith to perform an independent psychological examination of the Defendant and to file a report in accordance with section 4247(c). Defense counsel shall collect all available mental health records for the Defendant and required case materials and promptly furnish them to Dr. Goldsmith. The Court requests that Dr. Goldsmith complete the examination and supply a report to the Court, the Defendant, and counsel within thirty days of the date of this Order. The report should include:

> (1) The Defendant's history and present symptoms;
> (2) A description of the psychiatric, psychological, and medical tests that were employed in the examination and their results;
> (3) The examiner's findings;
> (4) The examiner's opinions as to diagnosis and prognosis;
> (5) The examiner's view as to whether the Defendant was insane at the time of the offense charged; and
> (6) The examiner's view as to whether the Defendant suffers from a mental disease, defect, or other mental condition bearing on the issue of his guilt, including whether he possessed the mental state required for the charged crime.

The United States Attorney's Office, 400 North Tampa Street, Suite 3200, Tampa, Florida 33602 shall be billed directly for all of Dr. Goldsmith's services rendered in accordance with this Order. As a result, Dr. Goldsmith is directed to contact the United States Attorney's Office before beginning her work to ensure that funds are obligated for her services in advance.

In light of the above, the government's motion for a psychological evaluation of the Defendant (Doc. 48) is granted as detailed herein.

ORDERED in Tampa, Florida, this 26th day of October 2026

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record
Dr. Debra Goldsmith